# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAIR LINES AMERICA FOUNDATION, INC., <br> 2308 Mount Vernon Ave. Ste. 716 <br> Alexandria VA 22301-1328 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE, <br> 1401 Constitution Ave NW <br> Washington, DC 20230; <br><br> and <br><br> UNITED STATES BUREAU OF THE CENSUS, <br> 4600 Silver Hill Road <br> Washington, DC 20233-3700; <br><br> Defendants. | Civil Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff, Fair Lines America Foundation, Inc. ("Plaintiff" or "Fair Lines"), and states as follows:

### INTRODUCTION

1. Fair Lines brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the United States Department of Commerce's and the United States Census Bureau's ("Defendants") failure to fulfill Plaintiff's March 31, 2021 request for records relating to the United States Decennial Census of 2020.

2. Fair Lines seeks disclosure of records in the possession of the Census Bureau containing summaries, "tabulations[,] and other statistical materials," 13 U.S.C. § 8(b), derived

from, summarizing, and/or otherwise relating to the original underlying group quarters population data for Census Day, April 1, 2020, received in response to the Census Bureau's 2020 Group Quarters Enumeration questionnaire regarding institutional living facilities or other housing facilities. Upon information and belief, these records are also in the possession of DOC which is responsible for executing the 2020 Census and oversees the work of the Census Bureau as part of DOC.

3. Plaintiff seeks declaratory relief that Defendants are in violation of FOIA for failing to fulfil Plaintiff's request for records and failing to respond to Plaintiff's request for expedited processing of the request. Plaintiff also seeks injunctive relief that Defendants immediately and completely comply with Plaintiff's FOIA request. Further, Plaintiff seeks fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## JURISDICTION AND VENUE

4. This Court has both subject matter and personal jurisdiction over the parties and claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies with this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

5. Fair Lines is a nonprofit corporation incorporated in Virginia, organized under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Alexandria, Virginia.

6. The DOC is headquartered in Washington, D.C., and its principal office is located at 1401 Constitution Ave, NW.

7. The Census Bureau is headquartered in Washington, D.C., and its principal office is located at 4600 Silver Hill Road.[1]

---

[1] The Census Bureau's website lists its address 4600 Silver Hill Road as being located both in Washington, D.C. with a zip code of 20233 and in Suitland, Maryland with a zip code of 20746.

## PARTIES

8.     Plaintiff Fair Lines America Foundation is a Section 501(c)(3) non-profit organization committed to educates the public on fair and legal apportionment and redistricting through comprehensive data gathering, processing, and deployment; dissemination of relevant news and information; and strategic investments in academic research and litigation. To further this mission, it also files FOIA requests to help promote open and transparent government regarding the federal government's decisions and actions taken regarding enumeration, apportionment, and redistricting.

9.     Defendant the U.S. Department of Commerce ("DOC") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and oversees the execution of the 2020 Census, and has possession, custody, and control of records to which Fair Lines seeks access pursuant to FOIA.

10.     Defendant the U.S. Census Bureau is an agency within, and under the jurisdiction of, the Commerce Department, and a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Census Bureau is responsible for planning and administering the 2020 Census, and has possession, custody, and control of records to which Fair Lines seeks access pursuant to FOIA.

## STATEMENT OF FACTS

11.     The DOC and Census Bureau are tasked with overseeing and administering the decennial censuses of population and housing, including the 2020 Census, which functions are

---

https://www.census.gov/about/contact-us.html (last accessed on May 15, 2021). Either way, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Washington, D.C., DOC is located in D.C., and FOIA makes the U.S. District Court for the District of Columbia a universal venue for adjudicating FOIA lawsuits, *see* 5 U.S.C. § 552(a)(4)(B), this Court has jurisdiction over this action, and venue is appropriate here.

authorized by the Constitution and by laws codified as title 13 of the United States Code.

12. Fair Lines is a non-profit organization interested in openness and transparency in government, with an emphasis on educating the public and ensuring fair and legal enumeration, apportionment, and redistricting processes. To that end, Fair Lines seeks to review and publicize records in the possession of Defendants in light of the Census Bureau's recent public announcements that it has experienced difficulties and various concerns regarding the gathering and counting of group quarters data for the 2020 Census due to the COVID-19 pandemic. Fair Lines also seeks to understand the impact of group residential facilities generally on the overall population tabulations of various states.

13. The FOIA, 5 U.S.C. § 552, requires federal agencies to release requested public records unless a statutory exemption applies.

14. An agency has twenty business days to respond to a request, including a notification to the requesting party of the agency's determination of whether to fulfil the request and the requester's right to appeal the agency's determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

15. An agency may delay its response only in "unusual circumstances" by providing written notice to the requesting party of the unusual circumstances and identifying a date when "a determination is expected." *Id*. § 552(a)(6)(B)(i). "No such notice shall specify a date that would result in an extension for more than ten working days . . . ." *Id*.

16. Prior to submitting the FOIA request at issue in this Complaint, Fair Lines sent a FOIA request dated February 19, 2021 to the Census Bureau (the "February 19 Request") requesting records "for each institutional living facility or housing facility from which a completed 2020 Group Quarters Enumeration questionnaire was received" that demonstrate "the

number of residents reported by each living or housing facility nationwide in response to the Census Bureau's request for group quarters population data . . . ." A true and correct copy of the February 19 Request is included as Exhibit A and is incorporated hereto for all purposes.

17. On February 22, 2021, the Census Bureau acknowledged receipt of the February 19 Request and stated that the search for responsive records would be initiated. The Bureau assigned it the tracking number DOC-CEN-2021-000987.

18. On March 12, 2021, Fair Lines received a response from the Census Bureau's Chief FOIA Officer, Vernon E. Curry, denying the production of all records sought in the February 19 Request pursuant to the exemption under 5 U.S.C. § 552(b)(3). *See* Exhibit B ("March 12, 2021 Denial of Fair Lines' February 19 Request"). Specifically, the Bureau relied upon 13 U.S.C. § 9 for its denial of the February 19 Request. Exhibit B at 1. The Bureau informed Fair Lines of its right to appeal this denial within 90 calendar days of the date of the response letter.

19. In response to the March 12 Denial of the February 19 Request, on March 31, 2021, Fair Lines submitted a new FOIA request[2] to the Census Bureau ("the Request") which is the subject of this Complaint. A true and correct copy of the Request is included as Exhibit C and is incorporated hereto for all purposes. While substantively similar to the February 19 Request, the language of the Request clarifies that Fair Lines only seeks records that the Secretary of Commerce is explicitly authorized to provide under the Census Act, and does *not* request records exempt from disclosure under the Census Act. Specifically, Fair Lines requests:

---

[2] *See generally Ning Ye v. Holder*, 624 F. Supp. 2d 121, 124 n.2 (D.D.C. 2009) ("Should petitioner wish to obtain information from the [agency], he could (re)submit [his requests], ensure receipt, and properly begin the process (anew)."); *see also Toensing v. U.S. Dep't of Justice*, 890 F. Supp. 2d 121, 138 (D.D.C. 2012) ("In this Circuit, filing a new, duplicative FOIA request has the potential to cure certain defects of a prior FOIA request, such as defects with the FOIA request itself.").

>All summaries, "tabulations[,] and other statistical materials," 13 U.S.C. § 8(b), derived from, summarizing, and/or otherwise relating to the original underlying group quarters population data for Census Day, April 1, 2020, received in response to the Census Bureau's 2020 Group Quarters Enumeration questionnaire regarding institutional living facilities or other housing facilities. In requesting these summaries, "tabulations[,] and other statistical materials," we do <u>not</u> seek disclosure of the underlying raw group quarters population data itself as originally "reported by, or on behalf of, any particular respondent" to the Bureau, 13 U.S.C. § 8(b), nor do we seek any "publication whereby the data furnished by any particular establishment or individual under this title can be identified," 13 U.S.C. § 9(a)(2); instead, we seek records *deriving from* or summarizing the originally reported raw data, and/or records with data that has been *reformulated* or *repurposed* by the Bureau in a form such that the underlying data can no longer be identified with a particular establishment or individual. For instance, any statewide aggregate total group quarters population tabulations of data that exclude, omit, or redact the original group quarters numbers as reported by, or on behalf of, individual institutions (i.e., tabulations where the Bureau excluded the underlying individualized raw data, or where such data can be redacted from the tabulations while producing the aggregate population totals) would be responsive to this request.

Exhibit C at 2-3.

20. The Request also includes an application for expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)-(iii) and 15 C.F.R. § 4.6(f), noting Plaintiff's compelling need for the records and the urgency of informing the public of any irregularities in Census Bureau data given the time-sensitive nature of the redistricting process before the impending election season, as well as the decennial nature of the Census Bureau's data collection. *See* Exhibit C at 6-7. The Request also included an application for fee waiver or limitation of fees because it is likely to contribute significantly to public understanding of the operations of the Government and is for non-commercial purposes. *Id.* at 5-6.

21. On April 7, 2021, having received no confirmation that the Request was received by the Census Bureau, Plaintiff's counsel sent an email to the Census Bureau inquiring regarding the status of the Request. Exhibit D ("Plaintiff's Correspondence to Census Bureau"). In response, Plaintiff received automated email messages notifying it that the Request had been

6

assigned tracking number DOC-CEN-2021-001311.[3] After Plaintiff's counsel emailed the Census Bureau to obtain clarity regarding the messages it received from the Bureau, the Bureau responded on April 13, 2021, that the Request had been received and the Bureau's search was underway. *See* Exhibit F ("Correspondence from Census Bureau Regarding the Request").

22. Since the April 13, 2021 email correspondence from the Census Bureau, there have been no further communications from Defendants regarding the Request.

23. Defendants have failed to comply with the statutory deadline of twenty business days, as required by FOIA under 5 U.S.C. § 552(a)(6)(A). And, though no written notice of "unusual circumstances" providing for a ten-business-day extension under 5 U.S.C. § 552(a)(6)(B) has been provided, that deadline has now expired as well. More than thirty business days have passed since Fair Lines filed the Request on March 31, 2021. No records have been produced and Defendants have given no indication as to whether there are responsive records related to the Request.

24. By exceeding the 20-business-day window for a determination whether to comply with the Request without a response to Plaintiff's application for expedited processing, Defendants have also failed to respond to Plaintiff's request for expedited processing "within 10

---

[3] Confusingly, the Census Bureau created two different tracking numbers for this single Request, causing Plaintiff to receive two separate automated messages on April 7, 2021 with the two tracking numbers. Exhibit E ("Automated Messages from Census Bureau"). Additionally, the automated messages both indicated that the Request had been "submitted" on April 7, 2021, even though the request was submitted on March 31, 2021 to the Census Bureau's designated email address for submitting FOIA requests, Census.efoia@census.gov.  Plaintiff's counsel sent an email on April 8, 2021 inquiring about these discrepancies, but did not receive a response. Then on April 12, 2021, Plaintiff received another automated message saying that one of the requests had been "processed with the following final disposition: Duplicate Request." Plaintiff's counsel again followed up with the Bureau to inquire about the status of its Request and to follow up on its unanswered questions from the April 8 email, to which the Bureau on April 13, 2021 only provided a partial answer that the request was evidently forwarded to DOC, but was then closed as a duplicate request because the Census Bureau determined it was better suited to process the Request. *See* Exhibit F ("Correspondence from Census Bureau Regarding the Request").

days after the date of the request" or "in a timely manner." 5 U.S.C. § 552(a)(6)(E)(ii)-(iii). This failure to respond to an application for expediting the request in the statutory time frame is thus also "subject to judicial review," *id.*,[4] along with its failure to timely comply with FOIA's twenty-day determination deadline.

25. Because Defendants have not complied with FOIA's explicit statutory obligations and timelines, Plaintiff has constructively exhausted all administrative remedies and may proceed directly to this Court. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) (a requestor exhausts its remedies unless, within the relevant time period, the agency "inform[s] the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions"); *id.* at 189 ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court.").[5]

---

[4] *See Wash. Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 65 (D.D.C. 2006) (noting that 5 U.S.C. § 552(a)(6)(E) mandates expedited processing if "the request is made 'by a person primarily engaged in disseminating information,' and has an 'urgency to inform the public concerning actual or alleged Federal Government activity'") (*vacated as moot by subsequent consent motion*, *Wash. Post v. Dep't of Homeland Sec.*, No. 06-5337, 2007 U.S. App. LEXIS 6682, at *1 (D.C. Cir. Feb. 27, 2007)); *id.* at 76 (granting the plaintiff's motion for a preliminary injunction to "complete the processing of the plaintiff's [] FOIA requests and produce or identify all responsive records within 10 days of the date" of the opinion); *Aguilera v. FBI*, 941 F. Supp. 144, 152-53 (D.D.C. 1996) (granting a preliminary injunction and mandating expedited release of documents).

FOIA also grants courts jurisdictional authority to impose "concrete deadlines" on any agency that "delay[s]" the processing of an expedited FOIA request beyond what arguably is "as soon as practicable." *See Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (granting a preliminary injunction and ordering expedited processing and disclosure of documents concerning the Bush Administration's policy of conducting surveillance of domestic communications); *see also id.* at 39 (opining that if an agency fails to meet the "twenty-day deadline applicable to standard FOIA requests" it "presumptively also fails to" meet the expedition standard).

[5] *See also* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for

26. Plaintiff has a statutory right of access to the records it seeks, and there is no legal basis for Defendants to withhold those documents.

27. To date, Fair Lines has not received any documents from Defendants in response to its Request, nor has it received any of the statutorily required communications or notices from Defendants.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552; Failure to Produce Records; Failure to Respond to and Grant Request for Expedited Processing of Request

28. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

29. Plaintiff properly requested records in its March 31, 2021 Request and the requested records are within Defendants' custody and control.

30. Defendants have failed to 1) make and communicate a determination whether to comply with Plaintiff's request and 2) produce any of the records pursuant to the Request, and has made no claim for a statutory exemption or extension.

31. Defendants have also failed to respond to Plaintiff's request for expedited processing "within 10 days after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)(I) or "in a timely manner." 5 U.S.C. § 552(a)(6)(E)(iii). *See also* 15 C.F.R. § 4.6(f)(iv)(4) ("Within ten *calendar* days of its receipt of a request for expedited processing, the proper component shall decide whether to grant it and shall notify the requester of the decision.") (emphasis added).

32. Defendants, by failing to produce and improperly withholding the requested agency records, and failing to timely respond to and grant Plaintiff's request for expedited

---

records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."); *Nurse v. Sec'y of the Air Force*, 231 F. Supp. 2d 323, 328 (D.D.C. 2002) ("The FOIA is considered a unique statute because it recognizes a constructive exhaustion doctrine for purposes of judicial review upon the expiration of certain relevant FOIA deadlines.").

9

processing, have violated FOIA's plain language. *See* 5 U.S.C. §§ 552(a)(3)(A), (a)(4)(B), (a)(6)(E)(ii)-(iii).

33. Plaintiff has exhausted all applicable administrative remedies with respect to the Defendants' failure to respond to the Request. 5 U.S.C. § 552(a)(6)(C)(i).

34. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the disclosure and release of the records pursuant to the Request.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Fair Lines America Foundation, prays for the following relief:

1. Declare that Defendants' failures to 1) timely respond with a determination whether to comply with Plaintiff's Request and 2) disclose the records responsive to Plaintiff's Request within the statutory time frame violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(3)(A);

2. Declare that Defendants' failure to respond to Plaintiff's request for expedited processing within the statutory time frame violates 5 U.S.C. § 552 (a)(6)(E)(ii)(I) and 15 C.F.R. § 4.6(f)(iv)(4);

3. Order Defendants to immediately make and communicate a determination to Plaintiff in response to Plaintiff's Request, *see* 5 U.S.C. § 552(a)(6)(A);

4. Order Defendants to expeditiously conduct an adequate search for all records responsive to Plaintiff's Request in accordance with 5 U.S.C. § 552(a)(3)(C) at no cost to Plaintiff;

5. Preliminarily and permanently enjoin Defendants to promptly complete the processing and response to Plaintiff's Request, and to identify and produce all responsive records not demonstrated by Defendants to be properly exempt from disclosure within 10 days of the date of the Court's Order;

6. Preliminarily and permanently enjoin Defendants from continuing to improperly withhold all non-exempt records responsive to the Request from Fair Lines;

7. Maintain jurisdiction over this action to ensure that Defendants properly and lawfully responds to the Request and every order of this Court to ensure that no responsive records are withheld;

8. Award Plaintiff its litigation costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

9. Grant any and all other relief that the Court may deem just and proper.

Dated: May 18, 2021.

Respectfully submitted,

*/s/ Jason Torchinsky*
Jason Torchinsky (D.C. Bar No. 976033)
jtorchinsky@hvjt.law
Jonathan P. Lienhard (D.C. Bar No. 474253)
jlienhard@hvjt.law
Kenneth C. Daines (D.C. Bar No. 1600753)*
*Pro hac vice motion forthcoming
kdaines@hvjt.law
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
Fax: (540) 341-8809
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 18th day of May 2021, the foregoing Complaint was filed electronically with the Clerk of Court using the CM/ECF system. The following parties were served by USPS Certified, Return Receipt Mail on May 18th.

United States Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230;

and

United States Bureau of the Census
4600 Silver Hill Road
Washington, DC 20233-3700

And, pursuant to Federal Rule of Civil Procedure 4(i), a copy of the summons was sent and served via Certified Mail, Return Receipt on May 18th to the following:

Attorney General Merrick Garland
c/o Assistant U.S. Attorney of Administration
Justice Management Division
950 Pennsylvania Ave. NW, Room 1111
Washington, D.C. 20530

Channing D. Phillips
Acting United States Attorney for the District of Columbia
Civil Process Clerk
555 4th St. N.W.
Washington, D.C. 20530

  /s/ Jason Torchinsky
Jason Torchinsky (D.C. Bar No. 976033)
jtorchinsky@hvjt.law
Jonathan P. Lienhard (D.C. Bar No. 474253)
jlienhard@hvjt.law
Kenneth C. Daines (D.C. Bar No. 1600753)*
*Pro hac vice motion forthcoming
kdaines@hvjt.law
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC
15405 John Marshall Highway
Haymarket, VA 20169
Phone: (540) 341-8808
***Counsel for Plaintiff***