IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FAIR LINES AMERICA FOUNDATION, INC., <br> 2308 Mount Vernon Ave. Ste. 716 <br> Alexandria, VA 22301-1328 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE <br> 1401 Constitution Avenue, NW <br> Washington, D.C. 20230; <br><br> and <br><br> UNITED STATES BUREAU OF THE CENSUS, <br> 4600 Silver Hill Road <br> Washington, D.C. 20233-3700, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. A. No. 1:21-cv-01361 (ABJ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STATUS REPORT

In accordance with the Court's Minute Order of June 22, 2021,[1] Defendants, the U.S. Department of Commerce ("Commerce") and the U.S. Census Bureau ("Census"), respectfully submit this Status Report to apprise the Court of the status of this Freedom of Information Act ("FOIA") cause of action:

1. In this FOIA case, Plaintiff Fair Lines America Foundation, Inc., ("Fair Lines") seeks the following:

> All summaries, "tabulations[,] and other statistical materials," 13 U.S.C. § 8(b), derived from, summarizing, and/or otherwise relating to the original underlying group quarters population data for Census Day, April 1, 2020, received in

---

[1] The Court's Minute Order states that "Defendant shall file a dispositive motion or, in the alternative, a report setting forth the schedule for the completion of its production of documents to plaintiff, on or before July 20, 2021."

> response to the Census Bureau's 2020 Group Quarters Enumeration questionnaire regarding institutional living facilities or other housing facilities. In requesting these summaries, "tabulations[,] and other statistical materials," we do not seek disclosure of the underlying raw group quarters population data itself as originally "reported by, or on behalf of, any particular respondent" to the Bureau, 13 U.S.C. § 8(b), nor do we seek any "publication whereby the data furnished by any particular establishment or individual under this title can be identified," 13 U.S.C. § 9(a)(2); instead, we seek records deriving from or summarizing the originally reported raw data, and/or records with data that has been reformulated or repurposed by the Bureau in a form such that the underlying data can no longer be identified with a particular establishment or individual. For instance, any statewide aggregate total group quarters population tabulations of data that exclude, omit, or redact the original group quarters numbers as reported by, or on behalf of, individual institutions (i.e., tabulations where the Bureau excluded the underlying individualized raw data, or where such data can be redacted from the tabulations while producing the aggregate population totals) would be responsive to this request.

Compl. ¶ 19, ECF No. 1. Fair Lines submitted the above request to Census on March 31, 2021. *Id*.

2. Fair Lines filed its Complaint on May 18, 2021. ECF No. 1.

3. On May 24, 2021, Defendants released 988 pages responsive to Fair Lines' request. Of those, less than 20% of the pages contained redactions pursuant to FOIA Exemptions 3 and 5. *See* Fair Lines' Mot. for Prelim. Inj. ("PI Mot."), Ex. 7, ECF No. 8-10 (challenging 115 redacted pages). The redacted material did not identify whether it had been redacted pursuant to Exemption 3 or Exemption 5 or both.

4. From May 27 to the present, the parties, through counsel, have been engaged in extensive negotiations over the scope of Fair Lines' request and the appropriate schedule for this litigation. *See, e.g.*, PI Mot., Ex. 3, ECF No. 8-4 (email correspondence between the parties' counsel).

5. On May 27, Fair Lines requested that Defendants identify the specific exemptions applied to each redaction. Fair Lines also noted that Defendants' first release appeared to contain

no records after December 2020 and asked that Defendants identify and release any such documents.  Finally, Fair Lines requested that Defendants pursue an email search of responsive records and narrowed the scope of the search to all responsive emails sent or received between March 31, 2020 and March 31, 2021.  *See id*. at 19.  Fair Lines also provided a description of the information Fair Lines was targeting in pursuing its email request:

> Summaries, tabulations, and other statistical materials that demonstrate the aggregate number of individuals (or percentage of the total) that were counted or imputed as part of any 2020 Census enumeration tabulations (whether preliminary or final) as a result of group quarters imputation procedures (i.e., for unresolved group quarters), with numbers aggregated on a statewide level and on a county-wide level for each state. We also seek email or other correspondence that summarizes or identifies the same information, or includes it as an attachment.

*Id*.

    5.    On June 21, 2021, Defendants filed their Answer to the Complaint.  ECF No. 7.

    6.    On June 25, 2021, Defendants identified for Fair Lines the pages redacted pursuant to Exemption 3.  These included all the redacted material except 18 pages for which the material redacted was merely file names, including internal pathways identifying where secure file information is located.  Defendants also identified the preliminary results of their initial search for responsive emails.  *See* PI Mot., Ex. 3 at 12-13, ECF No. 8-4 (hereinafter, "Ex. 3").

    5.    On July 6, 2021, Defendants produced two additional documents similar to those that appeared in the initial production, which were dated later than December 2020, but prior to the start of Defendants' search on May 19, 2021.  Defendants also provided further detail on the total number of pages of emails, attachments, and spreadsheets that resulted from their initial search for responsive emails.  The numbers were extremely high—with attachments, approximately 36,000 pages, and with Excel spreadsheets approximately 760,000 pages—and Defendants offered to discuss narrowing the scope of the email search.  Ex. 3 at 7-8.

6. On July 10, 2021, Fair Lines proposed substantially narrowing the email search to the following:

> we propose substantially narrowing the scope of the universe of emails to focus on those most needed by our client. Specifically, our client requests narrowing the email search to only seek documents identifying the total population (number of individuals) imputed statewide by the Census Bureau for group quarters. We seek these group quarters totals, both resolved and unresolved, tabulated by state. To be clear, we don't request county-level or local-level numbers—only state-level group quarters imputation figures. We also do not seek any household imputation numbers, or numbers reflecting demographic factors like age, race, or sex.

Ex. 3 at 6.

7. In a follow-up communication on July 12, 2021, Fair Lines suggested that this "information must have been finalized before the state population totals were announced in mid-April, so I believe the timeframe when that document would have been produced internally would be sometime in the 90 days between mid-January and mid-April." Ex. 3 at 4.

8. On July 16, 2021, Defendants explained to Fair Lines that the narrowed information it sought would not likely be found on email as Census considered it Title 13 information. All Title 13 information is kept on a secure database. Defendants noted that such information would be exempt from FOIA under Exemption 3. Defendants offered to discuss a summary judgment briefing schedule if Fair Lines agreed that an email search would be fruitless. Ex. 3 at 1-2.

9. On July 19, Fair Lines declined to discuss a summary judgment briefing schedule and filed a motion for preliminary injunction. PI Mot., ECF No. 8. Defendants will be opposing the motion. Fair Lines seeks a judgment on the merits of Defendants' application of FOIA Exemption 3. *See* Mem. In Support of PI Mot. at 2 (seeking to "enjoin Defendants . . . from continuing to violate FOIA's requirements by improperly redacting and withholding non-exempt records"). That is a merits question that in the FOIA context is customarily briefed as a matter of summary judgment. *See Center for Public Integrity v. United States Dep't of Defense*, No. 1:19-

cv-03265-CKK (D.D.C. Dec. 13, 2019), ECF No. 20 (denying plaintiff's motion to enforce preliminary injunction, which sought an order requiring the agency to release potentially exempt information, because "the issue of disputed exemptions will have to be litigated," and "the Court will require a Vaughn index . . . [and] summary judgment briefing or cross-briefing on the disputed exemptions") (attached hereto as Ex. 1).  Telling, a portion of the relief Fair Lines seeks is an "order that Defendants produce a *Vaughn* index . . . 'to permit a reasoned judgment as to whether the material is actually exempt under FOIA," Mem. In Support of PI Mot. at 13 n.14 (quoting *Founding Church of Scientology, Inc. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979)), ECF No. 8-1; and an order that Defendants "disclose any 'reasonably segregable' non-exempt portions of the fully redacted pages," *id*. (citing 5 U.S.C. § 552(b)).  Defendants would provide this information as a matter of course in summary judgment briefing, which only underscores the procedural impropriety of Plaintiff's motion.

Given the posture of this litigation case, Defendants propose the following:

- The Court should issue an order dismissing Fair Lines' Motion for a Preliminary Injunction and requiring the parties to meet and confer by July 26, 2021 and propose a summary judgment briefing schedule;
- If the Court permits Fair Lines' Motion for a Preliminary Injunction, it should stay any remaining aspects of the litigation until a decision on the motion is issued.

Dated:  July 20, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCY BERMAN
Assistant Branch Director

/s/ *Jonathan D. Kossak*

JONATHAN D. KOSSAK
Trial Attorney (DC Bar # 991478)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel. (202) 305-0612
Fax. (202) 616-8460
Email:  jonathan.kossak@usdoj.gov

*Counsel for Defendants*